IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EMPIRIAN HEALTH, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SPECIALTY RX, INC.,** )<br>)<br>**Defendant.** ) | Case No.: 2-22-cv-00639<br><br>**(Formerly in the Circuit Court of Montgomery County, Alabama; CV-2022-901224)** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Specialty RX, Inc. ("Defendant" or "Specialty"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice of Removal, Defendant states as follows:

### Procedural Posture

1. Empirian Health, LLC ("Plaintiff" and/or "Empirian"), filed its Complaint on September 28, 2022 in the Circuit Court of Montgomery County, Alabama, attached hereto as **Exhibit 1.**

2. This action arises out of a contractual dispute between the parties regarding a Prescription Administration Agreement (the "Agreement") dated March 5, 2019 as amended on September 21, 2020. (Exhibit 1 at ¶ 10; *see also* Exhibit A to Plaintiff's Complaint).

{B4435683}

3.      On May 27, 2021, Specialty terminated this Agreement with Empirian, effective on September 5, 2021.

4.      Empirian brought causes of action for Breach of Contract, Unjust Enrichment, Pleaded in the Alternative, and Declaratory Relief, alleging that Specialty breached the Agreement by submitting claims to a third-party provider and that Empirian is entitled to recover the resulting "overpayments" to Specialty. (*Id.* at ¶ 10-12). Specifically, the Complaint alleges that "[r]eversals associated with Specialty claims exceed $2,100,000," and that "Specialty was overpaid by approximately $917,431.46." (*Id.* at ¶¶ 23-24).

## Propriety of Removal

5.      This action is removable pursuant to 28 U.S.C. § 1441(a) which states that removal is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 Dollars ($75,000), exclusive of interest and costs.  28 U.S.C. § 1332(a).

6.      Copies of all process, pleadings, and other papers served on or received by Defendant and the entire Circuit Court file for Montgomery County, Alabama are attached hereto as **Exhibit 2**.  The Circuit Clerk of Montgomery County, Alabama has been notified of this removal.

{B4435683}

7. Section 1446 of the U. S. Code governs the procedure for removal and provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons …. to file [a] notice of removal." 28 U.S.C. §1446(b)(2)(B). Defendant was served September 30, 2022; this Notice of Removal is filed within thirty (30) days of service of the Complaint. Notice of Service on Specialty is attached hereto as **Exhibit 3**.

8. Section 1446(c)(1) also states that a matter may not be removed under subsection (b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the case. 28 U.S.C. § 1446(c)(1). Plaintiff's Complaint was filed on September 28, 2022. (Exh. 1). Defendant files this Notice of Removal within one year of the commencement of this action. (*Id.*) No previous application for removal has been made. (Exh. 2).

## The Complete Diversity Requirement has been satisfied.

9. This action is removable pursuant to 28 U.S.C. § 1441. Removal is appropriate in that there exists complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. § 1441.

10. According to the Complaint, Empirian is limited liability company organized under the laws of the State of Delaware, and its principal place of business is located in Montgomery, Alabama. (Exh. 1).

11. Specialty is a foreign corporation formed under the laws of New Jersey, with its principal place of business in Ridgefield Park, New Jersey.[1] Attached hereto as **Exhibit 4** is the New Jersey Secretary of State Business entity information for Defendant. When determining diversity, a corporation is deemed a citizen of the state of incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is a citizen of New Jersey. Therefore, Plaintiff and Defendant are citizens of different states and complete diversity exists among the parties.

### The Amount in Controversy Requirement has been satisfied.

12. Section 1446 requires that the removing party establish that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). *See also Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359-60 (11th Cir. 1996) (abrogated on other grounds), *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

14. The U.S. Supreme Court has held:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

---

[1] Defendant reserves the right to supplement this Notice of Removal with an Affidavit of Citizenship if the Court so requires.

{B4435683}

15. In Empirian's Complaint, it explains that "[r]eversals associated with Specialty claims exceed $2,100,000," and that "Specialty was overpaid by approximately $917,431.46 during the third and fourth quarters of 2019," which Empirian argues is unjust enrichment to Specialty. (Exh. 1 at ¶¶ 23-24). Therefore, on the face of the Complaint, the amount in controversy is well above $75,000.00.

16. In addition, the Eleventh Circuit has held that, "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (internal citations omitted). Empirian argues that it continues to incur damages resulting from Specialty's alleged breach of the agreement that Specialty is unjustly enriched by $917,431.46 based on the contract and seeks declaratory relief regarding the same payments.

17. Plaintiff's allegations that Specialty is unjustly enriched by more than $2,100,000.00, along with its overpayment of $917,431.46 and breach of contract damages, collectively satisfy Defendant's burden of proof to show by preponderance of evidence that the amount in controversy in the is matter meets federal jurisdiction requirements. Accordingly, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441. "[T]he moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, . . . the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, Civ. No. 12–AR–2879–S, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013). Moreover, "punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered[,]'"

{B4435683}

*Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted), but "[t]he 'legal certainty' that there could not be sufficient punitive damages to take the recovery beyond $75,000 *is virtually impossible to demonstrate*." *Tucker v. Northbrook Indem. Co.*, Civ. No. 2:13–CV–01857–WMA, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) (emphasis added).

18. It is clear that the requisite amount in controversy is satisfied based upon the face of the Complaint.

### All Prerequisites for Removal Have Been Satisfied

19. As set forth above, this Notice of Removal has been filed within thirty (30) days of service on this Defendant, the amount in controversy exceeds Seventy-Five Thousand and no/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity of citizenship exists among the parties.

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Montgomery County, Alabama.

22. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Specialty, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the county in which said action is pending, prays that

{B4435683}

the filing of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama shall affect a removal of said suit to this Court.

          Respectfully Submitted,

          */s/M. Warren Butler*
          M. WARREN BUTLER (BUT021)
          ANN CHAPMAN (POT023)
          *Attorneys for Defendant*
          STARNES DAVIS FLORIE LLP
          11 North Water Street, Suite 20290
          Mobile, Alabama 36602
          Phone: (251) 433-6049
          Fax: (251) 433-5901
          wbutler@starneslaw.com
          achapman@starneslaw.com

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via ALAFILE, electronic mail, or by U. S. MAIL, postage prepaid, on October 31, 2022:

J. Ethan McDaniel
Nicolas H. Peck
Maynard, Cooper & Gale, P.C.
1901 Sixth Ave., North, Suite 1700
Birmingham, AL 35203
emcdaniel@maynardcooper.com
cpeck@maynardcooper.com
*Attorneys for Plaintiff*

          */s/M. Warren Butler*
          M. WARREN BUTLER (BUT021)

{B4435683}