IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EMPIRIAN HEALTH, LLC,         )
                              )
        Plaintiff,            )
                              )      CIVIL ACTION NO.
        v.                    )      2:22cv639-MHT
                              )           (WO)
SPECIALTY RX, INC.,           )
                              )
        Defendant.            )
```

ORDER

This case is before the court on the question whether it has jurisdiction on the basis of removal jurisdiction, 28 U.S.C. § 1441(a), and diversity of citizenship, 28 U.S.C. § 1332(a). During a conference call held with the parties on December 2, 2022, the parties indicated that they are not sure of all States in which plaintiff Empirian Health LLC is a citizen because the parties have not yet determined the identity of all members of the LLC and its subsidiary entities. They both requested that the court allow jurisdictional discovery to determine the citizenship of all members. The court will grant the request.

During the call, the parties suggested that, in lieu of naming each member of the LLC and its subsidiary entities, they could submit a declaration affirming that no member of the LLC's subsidiary entities is a citizen of the State of New Jersey--where defendant Specialty RX, Inc., is a citizen. This will not be sufficient. "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[*] A negative statement as to citizenship is generally not sufficient. *See Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-CV-15-DMB-RP, 2017 WL 1450598, at *3 (N.D. Miss. Apr. 12, 2017) (Brown, J.) ("While the defendants allege that '[n]o member of SLS or its

---

[*] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

parent is a citizen of Mississippi,' this negative allegation is not a distinct and affirmative allegation of citizenship of SLS." (citing *Pel-State Bulk Plant, LLC v. Unifirst Holdings, Inc.*, No. 14-265, 2015 WL 631282, at *6 (M.D. La. Feb. 12, 2015) (Dick. J.) ("Instead of 'distinctly and affirmatively' alleging the citizenship of Plaintiff, the Amended Notice of Removal only states, in the negative, that Plaintiff is not a citizen of Massachusetts, Delaware, or Texas."); 13E Fed. Prac. & Proc. Juris. § 3611 (3d ed.) ("Neither is a negative statement that a party is not a citizen of a particular state usually sufficient, since this type of averment does not eliminate the possibility that the person might be a citizen of no state of the United States or other political entity.")). The removing party must allege facts upon which the court can make an independent determination as to whether it has jurisdiction. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff

files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. ... Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." (citations omitted)).

The recently revised Federal Rule of Civil Procedure 7.1 supports the court's conclusion that each member of an LLC must be named and its citizenship provided, absent strong countervailing reasons for protecting the names of such entities and individuals. *See* Fed. R. Civ. P. 7.1(a)(2) (eff. Dec. 1, 2022) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or

**4**

intervenor....”); Advisory Committee's Notes to 2022 Amendment to Fed. R. Civ. P. 7.1 (“Rule 7.1 is further amended to require a party or intervenor in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to name and disclose the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor. The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.”). And while the Advisory Committee's Notes to Rule 7.1 acknowledge that disclosure of all members of a party may be limited in certain circumstances, it does not appear that such circumstances exist here. *See* *id*. (“The rule recognizes that the court may limit the disclosure in appropriate circumstances. Disclosure might be cut short when a party reveals a citizenship that defeats

diversity jurisdiction. Or the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure.").

The parties are further reminded that an allegation as to an individual member of the LLC's residence is not sufficient to establish citizenship. *See Travaglio*, 735 F.3d at 1269.

***

Accordingly, and based on the representations made on the record on December 2, 2022, it is ORDERED that:

(1) The parties shall have a period of 60 days, that is, until February 3, 2023, to conduct limited discovery to determine the names and citizenship of each member of plaintiff Empirian Health, LLC.

(2) By February 8, 2023, defendant Specialty RX, Inc., shall file an amended notice of removal.

DONE, this the 5th day of December, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE